EXHIBIT A

1   J. Scott Conlon, #011829
    Ellen S. Levy, #020275
2   RENAUD COOK DRURY MESAROS, PA
    One North Central, Suite 900
3   Phoenix, Arizona 85004-4417
    Telephone: (602) 307-9900
4   Facsimile: (602) 307-5853
    *Attorneys for State of Arizona, Corizon*
5   *Health, Inc., Corizon, Inc. Naomi Fimbres,*
    *Anna Marie Jensen-Trees and Stephen Stephens*
6
    E-mail:   docket@rcdmlaw.com
7             sconlon@rcdmlaw.com
              elevy@rcdmlaw.com
8
9            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

             **IN AND FOR THE COUNTY OF MARICOPA**
10
11  OLGA DIAZ, a married woman, on behalf           No. CV2015-000126
    of herself and all other statutory
12  beneficiaries of MANUEL DIAZ,
    deceased, including MIA OLGA DIAZ and           **NOTICE OF FILING OF REMOVAL**
13  NELLY JOANNE DIAZ, minor children
    of MANUEL DIAZ, deceased ,
14
                    Plaintiffs,
15
    v.                                              *(Assigned to The Honorable*
16                                                  *Mark H. Brain*
    STATE OF ARIZONA, a governmental
17  entity; CORIZON HEALTH, INC., a
    Tennessee corporation; CORIZON INC., a
18  Tennessee corporation; COMMUNITY
    HEALTHCARE OF DOUGLAS, an
19  Arizona corporation; CHARLES L. RYAN
    and JANE DOE RYAN, a married couple;
20  AL RAMOS and JANE DOE RAMOS, a
    married couple; NAOMI FIMBRES and
21  JOHN DOE FIMBRES, a married couple;
    ANNA MARIE JENSEN-TREES and
22  JOHN DOE JENSEN-TREES, a married
    couple; DEBRA KINDER and JOHN DOE
23  KINDER, a married couple; STEPHEN
    STEPHENS and JANE DOE STEPHENS,
24  a married couple; CHRISTINE PEREA and
    JOHN DOE PEREA, a married couple;
25  CARLA TRANSUE and JOHN DOE
    TRANSUE, a married couple; JANE
26  DOES I-X, inclusive; JOHN DOES I-X,
    inclusive; BLACK CORPORATIONS I-X,

LAW OFFICES
RENAUD COOK
DRURY MESAROS
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 1, CV2015-000126)                 3306-0056                          2826312_1.docx

inclusive; WHITE PARTNERSHIPS I-X, inclusive,

                                    Defendants.

        Defendants, State of Arizona ("Arizona"), Corizon Health, Inc., Corizon, Inc. ("Corizon"), and Corizon employees Naomi Fimbres, Anna Marie Jensen-Trees, and Stephen Stephens, by and through their undersigned counsel, and pursuant to 28 U.S.C. § 1441, et seq., notifies this Court that they have filed a Notice of Removal of this action to the United States District Court for the District of Arizona. A copy of the Notice of Removal (exclusive of exhibits) is attached as Exhibit "A."

        RESPECTFULLY SUBMITTED this 30th day of June, 2015.

                                RENAUD COOK DRURY MESAROS, PA


                                By: */s/ Ellen S. Levy*
                                        J. Scott Conlon
                                        Ellen S. Levy
                                        One North Central, Suite 900
                                        Phoenix, Arizona 85004-4417
                                        *Attorneys for State of Arizona, Corizon*
                                        *Health, Inc., Corizon, Inc. Naomi Fimbres,*
                                        *Anna Marie Jensen-Trees and Stephen Stephens*

ORIGINAL e-filed this same date and a copy mailed to:

Lincoln Combs, Esq.
Kevin Neal, Esq.
GALLAGHER & KENNEDY
2575 East Camelback Road
Phoenix, Arizona 85016
*Attorneys for Plaintiffs*


By:   */s/ L. Bergantino*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 2, CV2015-000126)                    3306-0056                    2826312_1.docx

# EXHIBIT B

1   Lincoln Combs (Bar No. 025080)
    Kevin Neal (Bar No. 011640)
2   GALLAGHER & KENNEDY, P.A.
    2575 East Camelback Road
3   Phoenix, Arizona 85016-9225
    Telephone:   (602) 530-8000
4   Facsimile:   (602) 530-8500
    lincoln.combs@gknet.com
5   kevin.neal@gknet.com
    *Attorneys for Plaintiff/Statutory Beneficiary*
6   *Olga Diaz, mother of Manuel Diaz, Deceased,*
    *and Jessica Trevino, natural mother and legal*
7   *guardian of Statutory Beneficiaries Mia Olga*
    *Diaz and Nelly Joanne Diaz, minor children of*
8   *Manuel Diaz*



COPY

JAN 16 2015



MICHAEL K. JEANES, CLERK
P. ROE
DEPUTY CLERK

9

10   IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

11   IN AND FOR THE COUNTY OF MARICOPA

12   **OLGA DIAZ,** a married woman, on behalf of herself
     and all other statutory beneficiaries of **MANUEL**
     **DIAZ**, deceased, including **MIA OLGA DIAZ** and
13   **NELLY JOANNE DIAZ**, minor children of
     **MANUEL DIAZ**, deceased
14
                        Plaintiffs,
15
     v.
16
     **STATE OF ARIZONA**, a governmental entity;
17   **CORIZON HEALTH, INC.**, a Tennessee
     corporation; **CORIZON, INC.**, a Tennessee
18   corporation; JANE DOES I-X, inclusive; JOHN
     DOES I-X, inclusive; BLACK CORPORATIONS I-
19   X, inclusive; WHITE PARTNERSHIPS I-X,
     inclusive,
20
                        Defendants.
21

22

No. CV 2015-000126

**COMPLAINT**

(Tort – Non-Motor Vehicle;
Wrongful Death)

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

Plaintiff Olga Diaz, on behalf of all statutory beneficiaries of Manuel Diaz, deceased, including Mia Olga Diaz and Nelly Joanne Diaz, alleges as follows:

1.     At all times material to this Complaint, Plaintiff Olga Diaz, mother of decedent Manuel Diaz, was a resident of the State of Arizona, County of Maricopa.

2.     At all times material to this Complaint, Jessica Trevino was a resident of the State of Arizona, County of Maricopa, and was and is the natural mother and legal guardian of Mia Olga Diaz and Nelly Joanne Diaz.

3.     Mia Olga Diaz, a minor, and Nelly Joanne Diaz, a minor, are the surviving children of Manuel Diaz and Jessica Trevino and at all times relevant to this Complaint were residents of the State of Arizona, County of Maricopa.

4.     At all times material to this Complaint other than when he was in the custody of the Arizona Department of Corrections as described herein, Manuel Diaz, deceased, was a resident of the State of Arizona, County of Maricopa, prior to his death.

5.     Plaintiff Olga Diaz brings this claim on behalf of herself and all other statutory beneficiaries of Manuel Diaz, deceased, pursuant to A.R.S. § 12-612.

6.     Defendant CORIZON HEALTH, INC. is a Tennessee corporation that is authorized to and during the relevant time did transact business throughout Arizona, including at the Douglas State Prison in Douglas, Cochise County, Arizona.

7.     Defendant CORIZON, INC. is a Tennessee corporation that is authorized to and during the relevant time did transact business throughout Arizona, including at the Douglas State Prison in Douglas, Cochise County, Arizona.

2

1    8.    Defendant CORIZON HEALTH, INC. and CORIZON, INC. are hereinafter

2    referred to collectively as "CORIZON."

3    9.    Defendant STATE OF ARIZONA is a governmental entity that has a non-

4    delegable duty to, among other things, provide health care to those individuals in the

5    custody and control of the Arizona Department of Corrections.   As a result and

6    consequence of that non-delegable duty, the STATE OF ARIZONA is liable for the acts

7    of the other Defendants, including CORIZON, and any and all employees of CORIZON

8    or the Arizona Department of Corrections.

9    10.    The Arizona Department of Corrections ("ADOC") is an agency of the

10   STATE OF ARIZONA.

11   11.    Defendants Jane Does I-X, John Does I-X, Black Corporations I-X, and

12   White Partnerships I-X, inclusive, are individuals, corporations, partnerships or business

13   entities which caused the events complained of to occur in the State of Arizona.  Plaintiffs

14   do not know the true identities of Defendants.   However, Plaintiffs will amend this

15   Complaint when the true names of the Defendants become known.

16   12.    Defendants John Does I-X, Jane Does I-X, Black Corporations I-X, and

17   ABC Partnerships I-X can include, but are not limited to, doctors, physicians, surgeons,

18   nurse practitioners, physicians assistants, or any other health care providers, who were

19   employees, agents or contractors of Defendants who administered care and treatment or

20   rendered diagnoses to Manuel Diaz and who negligently breached the standard of care in

21   said care, treatment, or diagnoses to Manuel Diaz.

22

3

13.     Upon information and belief, all physicians, nurses and other healthcare providers who provided care and treatment to Manuel Diaz while in ADOC custody including but not limited to the period from January 11, 2014, until his death on January 24, 2014, were employees, agents, or ostensible agents of Defendants STATE OF ARIZONA or CORIZON for whose negligent or otherwise tortious conduct Defendants STATE OF ARIZONA and CORIZON are vicariously liable under the doctrines of *respondeat superior*, principal/agency, and non-delegable duty.

14.     Upon information and belief, Naomi Fimbres, L.P.N.; Anna Marie Jensen-Trees, R.N.; Stephen Stephens, L.P.N.; Carla Transue, N.P.; Debra Kinder, F.N.P.; Christine Perea, R.N were agents, employees, or servants of ADOC and/or Defendant CORIZON at all times material to the matters complained of herein.

15.     At all times relevant, individuals employed by ADOC or Defendant CORIZON, including but not limited to Naomi Fimbres, L.P.N.; Anna Marie Jensen-Trees, R.N.; Stephen Stephens, L.P.N.; Carla Transue, N.P.; Debra Kinder, F.N.P.; Christine Perea, R.N. were acting within the course and scope of their employment and/or agency with ADOC and/or Defendant CORIZON.  Defendants STATE OF ARIZONA and/or CORIZONA are vicariously liable and responsible for actions and/or negligence on the part of all individuals who failed to provide non-negligent medical care to Manuel Diaz, including Naomi Fimbres, L.P.N.; Anna Marie Jensen-Trees, R.N.; Stephen Stephens, L.P.N.; Carla Transue, N.P.; Debra Kinder, F.N.P.; Christine Perea, R.N. Therefore, Defendants STATE OF ARIZONA and/or Defendant CORIZON are liable for

4

1  the acts and omissions of individuals employed by them pursuant to the doctrine of

2  *respondeat superior.*

3   16.   At all times mentioned herein, Defendants, and each of them, were agents,

4  servants and employees of the remaining Defendants, and each was at all times acting in

5  the course and scope of said agency, service and employment. All Defendants were either

6  joint tortfeasors with the other Defendants and were concurrently or jointly and severally

7  liable for the acts and omissions described herein or secondarily liable for said acts and

8  omissions.

9   17.   At all times mentioned herein, Defendants STATE OF ARIZONA and

10  CORIZON acted through their physicians, surgeons, nurses, and/or any other health care

11  providers and agents who were negligently providing care to Manuel Diaz. Defendants

12  STATE OF ARIZONA and CORIZON are therefore vicariously liable for the negligence

13  of said physicians, surgeons, nurses, and/or any other health care providers and agents

14  who provided care and treatment to Manuel Diaz during the period January 11, 2014, to

15  January 17, 2014.

16   18.   All Defendants, had duties to render and exercise proper and reasonable

17  medical care, assistance, and treatment to Manuel Diaz.

18   19.   Defendants had duties to take appropriate steps to correctly diagnose and

19  treat Manuel Diaz.

20   20.   Defendants diagnosed, treated and cared for Manuel Diaz in an unskilled,

21  careless and negligent manner and failed to use proper skill or care in his treatment;

22

5

1  specifically in failing to treat a flu virus and resulting complications that caused Manuel

2  Diaz's death.

3      21.    Defendants caused the events complained of to occur in the State of

4  Arizona.

5      22.    Jurisdiction and venue are appropriate in this Court.  The amount in

6  controversy exceeds the minimum jurisdictional limits of this court.

7      23.    On or about July 17, 2014, Plaintiff served a notice of claim on Defendant

8  STATE OF ARIZONA in compliance with A.R.S. § 12-821.01. Additionally, although

9  Defendant CORIZON is not entitled to the protections of A.R.S § 12-821.01, Plaintiff also

10  served a claim notice on Defendant CORIZON.

11     24.    Service of Plaintiff's notice of claim on Defendants STATE OF ARIZONA

12  and CORIZON was proper and complied with all statutory and common law requirements

13  for presentation of notices of claim under A.R.S. § 12-821.01 and all other applicable law.

14     25.    No substantive response or reply to the notice of claim has been made by

15  Defendants STATE OF ARIZONA or CORIZON.  Thus, pursuant to A.R.S. § 12-821.01,

16  Plaintiff's claim has been denied and this lawsuit is properly commenced.

17     26.    Manuel Diaz was taken into the custody of ADOC pursuant to court order

18  sentencing him to five years in prison in October 2013.

19     27.    Defendants knew or should have known that 2013-2014 was expected to be

20  a particularly virulent flu season and that because of the nature of incarceration and the

21  prison population inmates are particularly susceptible to the flu.

22

28. Manuel also had specific pre-existing health complications which compromised his immune system and made him particularly likely to both become infected with the flu virus and to suffer more severely and have more serious complications if he did become infected.

29. Despite this information, Manuel was not given a flu vaccine at any point while in ADOC custody, or even given the opportunity to be vaccinated.

30. In January 2014, Manuel became very ill.

31. On or about January 11, 2014, through January 17, 2014, when he was discharged first to Southeastern Arizona Medical Center ("SEAMC") in Douglas and then medically evacuated by helicopter to St. Luke's Medical Center in Phoenix, Manuel received medical care and attention from ADOC and CORIZON agents and employees for flu-like symptoms.

32. Manuel, who was only 31 years old, presented on January 11, 2014, to the ADOC infirmary at the Douglas State Prison where he was incarcerated with tingling in hands and feet, general body aches, shortness of breath, fever of over 103 degrees, nausea and vomiting, and body chills. He reported that these symptoms had started on January 9, 2014, and thus had already lasted two days.

33. Defendant CORIZON healthcare providers noted in this initial visit that Manuel had not had a flu shot that flu season, but did nothing to address the flu other than telling Manuel to take ibuprofen and drink lots of water.

34. Over the next three days Manuel's condition worsened, but Defendant CORIZON healthcare providers did nothing to address the virus ravaging his body.

7

35.     Instead, on January 12 and 13, 2014, they continued merely to recommend rest, water, and ibuprofen, and on January 14, 2014, prescribed an inhaler to help with breathing.

36.     Unsurprisingly, Manuel's condition worsened and on January 15, 2014, the fifth day of his illness, he was barely able to breathe and extremely sick.

37.     Manuel's fever had spiked along with his other vitals and he was coughing blood.  Defendant Corizon healthcare providers determined that urgent intervention was needed at this time and referred Manuel for transfer out of the prison to nearby SEAMC in Douglas.

38.     Manuel was sent back to the prison with prescriptions for Albuterol, Robitussin, and Zithromax later that morning on January 15, 2014.

39.     By 6:30 p.m. on January 15th, Manuel's condition was rapidly deteriorating. A corrections officer reported that Manuel had "Bloody stool."  The aching, headache, and shortness of breath remained, and Manuel's oxygen saturation levels were extremely low, in the 80's.  Although Defendant CORIZON healthcare providers checked the "Urgent Intervention" box, no additional treatment was given and Manuel was told to return to the infirmary in the morning.

40.     By January 16, 2014, Manuel had been extremely sick for almost a week with flu symptoms but had received no treatment for the flu.  When he came back to the infirmary at 7:35 a.m. he was in a wheelchair because he could barely walk and was having major trouble breathing.  His vitals were again very high, and his oxygen levels were dangerously low.

8

41.     Defendant CORIZON healthcare providers ordered Manuel be given oxygen and a saline IV to stabilize his condition so he could be transferred back to SEAMC immediately.  An ambulance delivered Manuel to SEAMC at 8:40 p.m.

42.     This time, when Manuel was seen in the ER at SEAMC he was given Tamiflu STAT.

43.     His condition was determined to be so severe and emergent that he was immediately evacuated to St. Luke's Medical Center in Phoenix that day.

44.     In his admission at St. Luke's Manuel tested positive for the flu and was noted to have suffered severe lung and kidney damage.

45.     Over the next eight days at St. Luke's, Manuel's clinical course was extremely difficult from complications from the H1N1 flu, specifically respiratory distress syndrome, kidney failure, and respiratory failure.

46.     Manuel passed away from these conditions on January 24, 2014.

47.     The Maricopa County Medical Examiner determined that Manuel died from "complications of influenza."

48.     A subsequent autopsy confirmed that Manuel had died from complications from flu virus Influenza A H1N1.

49.     Despite overwhelming evidence of an active flu virus infection while in ADOC custody and under the treatment of Defendant CORIZON medical care providers that had begun on January 9, 2014, upon information and belief Manuel did not receive any treatment for the flu until January 17, 2014.

50.     Timely treatment of his flu virus would have prevented Manuel's death from flu virus complications.

51.     By the time Manuel was medically evacuated to St. Luke's Medical Center on January 17, 2014, it was too late for medical interventions and flu treatment to save his life.

52.     As a result of the negligence and gross negligence of Defendants, Manuel Diaz died leaving two young children who depended upon him for support, care, comfort, and love.

53.     As a result of the negligence and gross negligence of Defendants, Manuel Diaz died leaving a mother who enjoyed the care, comfort, and love of the relationship with her son.

54.     Defendants were negligent, grossly negligent, and careless in the performance of duties of protection and care and failed to conform to the standards of practice customarily recognized by medical physicians and hospitals in the State of Arizona and other communities situated throughout the United States.

55.     Defendants were negligent, grossly negligent, and engaged in conduct which fell below applicable standards of care.

56.     As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, and careless acts and omissions, Manuel Diaz suffered from injuries and complications resulting in his death on January 24, 2014.

57.     As a further direct and proximate result of Defendants' negligent, gross negligent, careless and reckless acts and omissions, the statutory beneficiaries herein,

10

1    Plaintiff Olga Diaz, Mia Olga Diaz, and Nelly Joanne Diaz have experienced, and will

2    continue to experience, pain, grief, sorrow, anguish, stress, shock, and mental suffering as

3    a result of Manuel Diaz's wrongful death.

4         58.    As a further direct and proximate result of Defendants' negligent, gross

5    negligent, careless and reckless acts and omissions, the statutory beneficiaries herein,

6    Plaintiff Olga Diaz, Mia Olga Diaz, and Nelly Joanne Diaz have been, and will continue

7    to be, deprived of Manuel Diaz's love, affection, companionship, care, protection,

8    consortium, guidance, society, companionship, counsel, advice and solace as a result of

9    the wrongful death of Manuel Diaz.

10        59.    As a further direct and proximate result of Defendants' negligent, gross

11   negligent, careless, and reckless acts and omissions, Plaintiff Olga Diaz, Mia Olga Diaz,

12   and Nelly Joanne Diaz have experienced and will continue to experience services that

13   have already been lost as a result of the death, and that are reasonably probable to be lost

14   in the future from the wrongful death of Manuel Diaz.

15        60.    The  above-described  breaches,  negligence,  and  gross  negligence

16   proximately give rise to and constitute a claim for damages for wrongful death pursuant to

17   A.R.S. §§ 12-611 *et seq.*

18        WHEREFORE, Plaintiff and the other individual statutory beneficiaries pray for

19   judgment against Defendants, and each of them, as follows:

20        1.     For a sum that is reasonable and just for the wrongful death of Manuel Diaz;

21        2.     For general compensatory damages in a just and reasonable amount;

22

3.     For the reasonable value of special damages to compensate Manuel Diaz's surviving children and statutory beneficiaries, resulting from her death;

4.     For Plaintiff's costs incurred herein; and

5.     For such other and further relief as the Court and jury deem just and proper in the premises.

RESPECTFULLY SUBMITTED this 16th day of January, 2015.

GALLAGHER & KENNEDY, P.A.

By _____
Lincoln Combs
Kevin Neal
2575 East Camelback Road
Phoenix, Arizona 85016-9225

*Attorneys for Plaintiff/Statutory Beneficiary Olga Diaz, mother of Manuel Diaz, Deceased, and Jessica Trevino, natural mother and legal guardian of Statutory Beneficiaries Mia Olga Diaz and Nelly Joanne Diaz, minor children of Manuel Diaz*

4612756v1/24873-0001

12

# EXHIBIT C

1  Lincoln Combs (Bar No. 025080)
   Kevin Neal (Bar No. 011640)
2  GALLAGHER & KENNEDY, P.A.
   2575 East Camelback Road
3  Phoenix, Arizona 85016-9225
   Telephone:   (602) 530-8000
4  Facsimile:    (602) 530-8500
   lincoln.combs@gknet.com
5  kevin.neal@gknet.com
   *Attorneys for Plaintiff/Statutory Beneficiary*
6  *Olga Diaz, mother of Manuel Diaz, Deceased,*
   *and Jessica Trevino, natural mother and legal*
7  *guardian of Statutory Beneficiaries Mia Olga*
   *Diaz and Nelly Joanne Diaz, minor children of*
8  *Manuel Diaz*

ORIGINAL

9

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10

IN AND FOR THE COUNTY OF MARICOPA

11

12  **OLGA DIAZ,** a married woman, on behalf of herself
    and all other statutory beneficiaries of **MANUEL**
    **DIAZ,** deceased, including **MIA OLGA DIAZ** and
13  **NELLY JOANNE DIAZ,** minor children of
    **MANUEL DIAZ,** deceased
14
                    Plaintiffs,
15
    v.
16
    **STATE OF ARIZONA,** a governmental entity;
17  **CORIZON HEALTH, INC.,** a Tennessee
    corporation; **CORIZON, INC.,** a Tennessee
18  corporation; JANE DOES I-X, inclusive; JOHN
    DOES I-X, inclusive; BLACK CORPORATIONS I-
19  X, inclusive; WHITE PARTNERSHIPS I-X,
    inclusive,
20
                    Defendants.
21

No. CV 2015-000126

**SUMMONS**

(Tort – Non-Motor Vehicle;
Wrongful Death)

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

4615999v1/24873-0001

22

THE STATE OF ARIZONA TO THE DEFENDANT:

## CORIZON HEALTH, INC.

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail out of the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Arizona Rules of Civil Procedure 4; A.R.S. §§20-222, 28-502, AND 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. Arizona Rule of Procedure 10(d); A.R.S.

4615999v1/24873-0001

§12-311; Arizona Rule of Procedure 5.

2

1    THE NAME AND ADDRESS of Plaintiff's attorney is

2                      Lincoln Combs
                        Kevin D. Neal

3                 Gallagher & Kennedy
              2575 E. Camelback Road

4              Phoenix, Arizona 85016

5    Requests for reasonable accommodation for persons with disabilities must be made

6    to the division assigned to the case by the party needing accommodation or his/her

counsel at least three (3) judicial days in advance of a scheduled proceeding. Requests for

7    an interpreter for persons with limited English proficiency must be made to the division

8    assigned to the case by the party needing the interpreter and/or translator or his/her

9    counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

10    SIGNED AND SEALED this date: ___  JAN 1 6 2015 ___

11

12                P. Roe       BY

13             Deputy Clerk

14



15                                  MICHAEL K JEANES CLERK

16

17

18

19

20

21

22   4615999v1/24873-0001

3

# EXHIBIT D



COPY

JAN 16 2015

MICHAEL K. JEANES, CLERK
P. ROE
DEPUTY CLERK



1  Lincoln Combs (Bar No. 025080)
2  Kevin Neal (Bar No. 011640)
   GALLAGHER & KENNEDY, P.A.
3  2575 East Camelback Road
   Phoenix, Arizona 85016-9225
4  Telephone:   (602) 530-8000
5  Facsimile:    (602) 530-8500
   lincoln.combs@gknet.com
6  kevin.neal@gknet.com
7  *Attorneys for Plaintiff/Statutory*
   *Beneficiary Olga Diaz, mother of*
8  *Manuel Diaz, Deceased, and Jessica*
   *Trevino, natural mother and legal*
9  *guardian of Statutory Beneficiaries*
10 *Mia Olga Diaz and Nelly Joanne*
   *Diaz, minor children of Manuel Diaz*
11
12          **SUPERIOR COURT OF THE STATE OF ARIZONA**
13                     **COUNTY OF MARICOPA**
14 **OLGA DIAZ**, a married woman, on behalf     No.   CV 2015-000126
   of herself and all other statutory
15 beneficiaries of **MANUEL DIAZ**,           **CERTIFICATE OF COMPULSORY**
   deceased, including **MIA OLGA DIAZ**       **ARBITRATION**
16 and **NELLY JOANNE DIAZ**, minor
17 children of **MANUEL DIAZ**, deceased
18                 Plaintiffs,
19
20 v.
21 **STATE OF ARIZONA**, a governmental
   entity; **CORIZON HEALTH, INC.**, a
22 Tennessee corporation; **CORIZON, INC.**,
23 a Tennessee corporation; JANE DOES I-X,
   inclusive; JOHN DOES I-X, inclusive;
24 BLACK CORPORATIONS I-X, inclusive;
   WHITE PARTNERSHIPS I-X, inclusive,
25
26

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

4616823v1/24873-0001

| | |
|---|---|
| 1 | Defendants. |
| 2 | |

Plaintiff, through counsel undersigned, hereby certifies that the largest award sought by Plaintiff, including punitive damages, but excluding interest, attorneys' fees and costs, does exceed the limits set by Local Rule for compulsory arbitration.  This case is not subject to the Rules of Civil Procedure regarding arbitration.

DATED this 16th day of January, 2015.

GALLAGHER & KENNEDY, P.A.


By: _____
Lincoln Combs
Kevin D. Neal
2575 East Camelback Road
Phoenix, Arizona  85016-9225
*Attorneys for Plaintiff/Statutory*
*Beneficiary Olga Diaz, mother of Manuel*
*Diaz, Deceased, and Jessica Trevino,*
*natural mother and legal guardian of*
*Statutory Beneficiaries Mia Olga Diaz*
*and Nelly Joanne Diaz, minor children of*
*Manuel Diaz*

# EXHIBIT E

Lincoln Combs (Bar No. 025080)
Kevin Neal (Bar No. 011640)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:    (602) 530-8000
Facsimile:    (602) 530-8500
lincoln.combs@gknet.com
kevin.neal@gknet.com
*Attorneys for Plaintiff/Statutory Beneficiary*
*Olga Diaz, mother of Manuel Diaz, Deceased,*
*and Jessica Trevino, natural mother and legal*
*guardian of Statutory Beneficiaries Mia Olga*
*Diaz and Nelly Joanne Diaz, minor children of*
*Manuel Diaz*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **OLGA DIAZ,** a married woman, on behalf of herself and all other statutory beneficiaries of **MANUEL DIAZ**, deceased, including **MIA OLGA DIAZ** and **NELLY JOANNE DIAZ**, minor children of **MANUEL DIAZ**, deceased | No. CV2015-000126 |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| v. | (Tort – Non-Motor Vehicle; Wrongful Death) |
| **STATE OF ARIZONA**, a governmental entity; **CORIZON HEALTH, INC.**, a Tennessee corporation; **CORIZON, INC.**, a Tennessee corporation; **COMMUNITY HEALTHCARE OF DOUGLAS**, an Arizona corporation; **CHARLES L. RYAN** and **JANE DOE RYAN**, a married couple; **AL RAMOS** and **JANE DOE RAMOS**, a married couple; **NAOMI FIMBRES** and **JOHN DOE FIMBRES**, a married couple; **ANNA MARIE JENSEN-TREES** and **JOHN DOE JENSEN-TREES**, a married couple; **DEBRA KINDER** and **JOHN DOE KINDER**, a married couple; | |

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

**STEPHEN STEPHENS** and **JANE DOE STEPHENS**, a married couple; **CHRISTINE PEREA** and **JOHN DOE PEREA**, a married couple; **CARLA TRANSUE** and **JOHN DOE TRANSUE**, a married couple;  JANE DOES I-X, inclusive; JOHN DOES I-X, inclusive; BLACK CORPORATIONS I-X, inclusive; WHITE PARTNERSHIPS I-X, inclusive,

Defendants.

Plaintiff Olga Diaz, on behalf of all statutory beneficiaries of Manuel Diaz, deceased, including Mia Olga Diaz and Nelly Joanne Diaz, alleges as follows:

1.      At all times material to this Complaint, Plaintiff Olga Diaz, mother of decedent Manuel Diaz, was a resident of the State of Arizona, County of Maricopa.

2.      At all times material to this Complaint, Jessica Trevino was a resident of the State of Arizona, County of Maricopa, and was and is the natural mother and legal guardian of Mia Olga Diaz and Nelly Joanne Diaz.

3.      Mia Olga Diaz, a minor, and Nelly Joanne Diaz, a minor, are the surviving children of Manuel Diaz and Jessica Trevino and at all times relevant to this Complaint were residents of the State of Arizona, County of Maricopa.

4.      At all times material to this Complaint other than when he was in the custody of the Arizona Department of Corrections as described herein, Manuel Diaz, deceased, was a resident of the State of Arizona, County of Maricopa, prior to his death.

1    5.    Plaintiff Olga Diaz brings this claim on behalf of herself and all other

2  statutory beneficiaries of Manuel Diaz, deceased, pursuant to A.R.S. § 12-612, U.S.

3  Const. amend. VIII, and 42 U.S.C. § 1983.

4    6.    Defendant CORIZON HEALTH, INC. is a Tennessee corporation that is

5  authorized to and during the relevant time did transact business throughout Arizona,

6  including at the Douglas State Prison in Douglas, Cochise County, Arizona.

7    7.    Defendant CORIZON, INC. is a Tennessee corporation that is authorized to

8  and during the relevant time did transact business throughout Arizona, including at the

9  Douglas State Prison in Douglas, Cochise County, Arizona.

10    8.    Defendant CORIZON HEALTH, INC. and CORIZON, INC. are hereinafter

11  referred to collectively as "CORIZON."

12    9.    Defendant STATE OF ARIZONA is a governmental entity that has a non-

13  delegable duty to, among other things, provide health care to those individuals in the

14  custody and control of the Arizona Department of Corrections.   As a result and

15  consequence of that non-delegable duty, the STATE OF ARIZONA is liable for the acts

16  of the other Defendants, including CORIZON, and any and all employees of CORIZON,

17  as well as all employees of the Arizona Department of Corrections or any other agency.

18    10.    The Arizona Department of Corrections ("ADOC") is an agency of the

19  STATE OF ARIZONA.

20    11.    Defendant COMMUNITY HEALTHCARE OF DOUGLAS, INC. at all

21  material times hereto was the owner and operator of Southeast Arizona Medical Center

22

3

(hereinafter "SEAMC," collectively) in Douglas, Cochise County, Arizona and has its corporate headquarters in Douglas, Cochise County, Arizona.

12.     Defendant Charles L. Ryan was, at all material times hereto, the Director of ADOC.

13.     Upon information and belief, Defendant Ryan was at all times material hereto a resident of Maricopa County, Arizona.

14.     Defendant Jane Doe Ryan is, upon information and belief, Mr. Ryan's wife. Upon information and belief, Jane Doe Ryan was at all times material hereto a resident of Maricopa County, Arizona.  Jane Doe Ryan is a fictitiously-named defendant whose true identity is presently unknown.  Plaintiff will amend this complaint when Jane Doe Ryan's true name becomes known.

15.     Defendant Al Ramos was, at all times material hereto, the Warden of the Douglas State Prison.

16.     Upon information and belief, Defendant Ramos was at all times material hereto a resident of Cochise County, Arizona.

17.     Defendant Jane Doe Ramos is, upon information and belief, Mr. Ramos's wife.  Upon information and belief, Jane Doe Ramos was at all times material hereto a resident of Cochise County, Arizona.  Jane Doe Ramos is a fictitiously-named defendant whose true identity is presently unknown.  Plaintiff will amend this complaint when Jane Doe Ramos's true name becomes known.

18.     Defendant Naomi Fimbres was, at all material times hereto, a Corizon nurse working in Douglas State Prison.

19.    Upon information and belief, Defendant Fimbres was at all times material hereto a resident of Cochise County, Arizona.

20.    Defendant John Doe Fimbres is, upon information and belief, Ms. Fimbres's husband.  Upon information and belief, John Doe Fimbres was at all times material hereto a resident of Cochise County, Arizona.   John Doe Fimbres is a fictitiously-named defendant whose true identity is presently unknown.  Plaintiff will amend this complaint when John Doe Fimbres's true name becomes known.

21.    Defendant Anna Marie Jensen-Trees was, at all material times hereto, a Corizon nurse working in Douglas State Prison.

22.    Upon information and belief, Defendant Jensen-Trees was at all times material hereto a resident of Cochise County, Arizona.

23.    Defendant John Doe Jensen-Trees is, upon information and belief, Ms. Jensen-Trees husband.  Upon information and belief, John Doe Jensen-Trees was at all times material hereto a resident of Maricopa County, Arizona.  John Doe Jensen-Trees is a fictitiously-named defendant whose true identity is presently unknown.  Plaintiffs will amend this complaint when John Doe Jensen-Trees' true name becomes known.

24.    Defendant Debra Kinder was, at all material times hereto, a Corizon nurse working in Douglas State Prison.

25.    Upon information and belief, Defendant Kinder was at all times material hereto a resident of Cochise County, Arizona.

26.    Defendant John Doe Kinder is, upon information and belief, Ms. Kinder's husband.  Upon information and belief, John Doe Kinder was at all times material hereto a

5

resident of Cochise County, Arizona.  John Doe Kinder is a fictitiously-named defendant whose true identity is presently unknown.  Plaintiff will amend this complaint when John Doe Kinder's true name becomes known.

27.    Defendant Stephen Stephens was, at all material times hereto, a Corizon nurse working in Douglas State Prison.

28.    Upon information and belief, Defendant Stephens was at all times material hereto a resident of Cochise County, Arizona.

29.    Defendant John Doe Stephens is, upon information and belief, Mr. Stephens' wife.  Upon information and belief, John Doe Stephens was at all times material hereto a resident of Cochise County, Arizona.  John Doe Stephens is a fictitiously-named defendant whose true identity is presently unknown.  Plaintiff will amend this complaint when John Doe Stephens' true name becomes known.

30.    Defendant (Louisa) Christine Perea was, at all material times hereto, a Corizon nurse working in Douglas State Prison.

31.    Upon information and belief, Defendant Perea was at all times material hereto a resident of Cochise County, Arizona.

32.    Defendant John Doe Perea is, upon information and belief, Ms. Perea's husband.  Upon information and belief, John Doe Perea was at all times material hereto a resident of Maricopa County, Arizona.  John Doe Perea is a fictitiously-named defendant whose true identity is presently unknown.  Plaintiff will amend this complaint when John Doe Perea's true name becomes known.

33. Defendant Carla Transue was, at all material times hereto, a Corizon nurse working in Douglas State Prison.

34. Upon information and belief, Defendant Transue was at all times material hereto a resident of Cochise County, Arizona.

35. Defendant John Doe Transue is, upon information and belief, Ms. Transue's husband. Upon information and belief, John Doe Transue was at all times material hereto a resident of Maricopa County, Arizona. John Doe Transue is a fictitiously-named defendant whose true identity is presently unknown. Plaintiff will amend this complaint when John Doe Transue's true name becomes known.

36. The individual Defendants were, at all material times hereto, acting in the course and scope of their employment with ADOC and/or Corizon and acting under color of state law.

37. All individual Defendants are sued in their individual capacities.

38. Defendants Jane Does I-X, John Does I-X, Black Corporations I-X, and White Partnerships I-X, inclusive, are individuals, corporations, partnerships or business entities which caused the events complained of to occur in the State of Arizona. Plaintiff does not know the true identities of Defendants. However, Plaintiff will amend this Complaint when the true names of the Defendants become known.

39. Defendants John Does I-X, Jane Does I-X, Black Corporations I-X, and ABC Partnerships I-X can include, but are not limited to, doctors, physicians, surgeons, nurse practitioners, physicians assistants, or any other health care providers, who were employees, agents or contractors of Defendants who administered care and treatment or

7

rendered diagnoses to Manuel Diaz and who negligently breached the standard of care in said care, treatment, or diagnoses to Manuel Diaz.

40.    Upon information and belief, all physicians, nurses and other healthcare providers who provided care and treatment to Manuel Diaz while in ADOC custody including but not limited to the period from January 11, 2014, until his death on January 24, 2014, were employees, agents, or ostensible agents of Defendants STATE OF ARIZONA or CORIZON for whose negligent or otherwise tortious conduct Defendants STATE OF ARIZONA and CORIZON are vicariously liable under the doctrines of *respondeat superior*, principal/agency, and non-delegable duty.

41.    Upon information and belief, Defendant COMMUNITY HEALTHCARE OF DOUGLAS, INC. is vicariously liable for the negligence of any employees, doctors, or healthcare providers who provided care and treatment to Manuel Diaz at any time while he was serving his prison sentence or in ADOC custody, including but not limited to the period from January 11, 2014, until his death on January 24, 2014.

42.    At all times mentioned herein, Defendants, and each of them, were agents, servants and employees of the remaining Defendants, and each was at all times acting in the course and scope of said agency, service and employment.  All Defendants were either joint tortfeasors with the other Defendants and were concurrently or jointly and severally liable for the acts and omissions described herein or secondarily liable for said acts and omissions.

43.    All Defendants had civil and constitutional duties to render and exercise timely, proper, and reasonable medical care, assistance, and treatment to Manuel Diaz.

8

44.     Defendants had duties to take appropriate steps to correctly diagnose and treat Manuel Diaz.

45.     Defendants diagnosed, treated, and cared for Manuel Diaz in an unskilled, careless, and negligent manner and failed to use proper skill or care in the treatment of Manuel Diaz, specifically in failing to treat a flu virus and resulting complications that caused Manuel Diaz's death.

46.     Manuel was Hepatitis-C positive at the time he was incarcerated in Douglas State Prison, and thus suffered a suppressed and damaged immune system which made him more susceptible to the flu virus.

47.     Despite Manuel's weakened immune system, which made him both more susceptible to the flu and more likely to have severe complications if he contracted it, Defendants STATE OF ARIZONA, CORIZON, Ryan, and Ramos, and possibly other individual defendants yet unknown, wrongfully denied Manuel Diaz a flu vaccine prior to the commencement of the 2013-14 flu season.

48.     Defendants caused the events complained of to occur in the State of Arizona.

49.     Jurisdiction and venue are appropriate in this Court.   The amount in controversy exceeds the minimum jurisdictional limits of this court.

50.     On or about July 17, 2014, Plaintiff served a notice of claim on Defendant STATE OF ARIZONA in compliance with A.R.S. § 12-821.01.   Additionally, although Defendant CORIZON is not entitled to the protections of A.R.S § 12-821.01, Plaintiff also served a claim notice on Defendant CORIZON.

51.     Service of Plaintiff's notice of claim on Defendants STATE OF ARIZONA and CORIZON was proper and complied with all statutory and common law requirements for presentation of notices of claim under A.R.S. § 12-821.01 and all other applicable law.

52.     No substantive response or reply of any nature has been made by Defendants STATE OF ARIZONA or CORIZON.  Thus, pursuant to A.R.S. § 12-821.01, Plaintiff's claim has been denied and this lawsuit is properly commenced.

53.     Manuel Diaz was taken into the custody of ADOC pursuant to court order sentencing him to five years in prison in October 2013.

54.     Defendants knew or should have known that 2013-2014 was expected to be a particularly virulent flu season and that because of the nature of incarceration and the prison population inmates are particularly susceptible to the flu.

55.     Manuel also had specific pre-existing health complications which compromised his immune system and made him particularly likely to both become infected with the flu virus and to suffer more severely and have more serious complications if he did become infected.

56.     Despite this information, Manuel was not given a flu vaccine at any point while in ADOC custody, or even the opportunity to be vaccinated.

57.     In January 2014, Manuel became very ill.

58.     On or about January 11, 2014, through January 17, 2014, when he was discharged first to SEAMC and then medically evacuated by helicopter to St. Luke's Medical Center in Phoenix, Manuel received medical care and attention from ADOC and CORIZON agents and employees for flu-like symptoms.

10

59.     Manuel, who was only 31 years old, first presented to Defendants Fimbres and Transue in the ADOC infirmary at the Douglas State Prison on January 11, 2014, with tingling in hands and feet, general body aches, shortness of breath, fever of over 103 degrees, nausea and vomiting, and body chills.   He'd been feeling bad since at least January 10, 2014.

60.     Defendant CORIZON healthcare providers Defendants Fimbres and Transue noted in this initial visit that Manuel had not had a flu shot that flu season, but did nothing to address the flu other than telling Manuel to take ibuprofen and drink lots of water.

61.     Over the next three days Manuel's condition worsened, but Defendant CORIZON healthcare providers, including Defendants Fimbres, Jensen-Trees,   and Transue, did nothing to address the virus ravaging his body.

62.     Instead, on January 12, 2014, when Manuel again reported to the infirmary, Defendant Fimbres only gave Manuel additional ibuprofen and told him to rest and drink water.

63.     On January 13, 2014, when Manuel once again returned the infirmary, Defendants Transue and Trees-Jensen recommend only rest, water, and ibuprofen.

64.     On January 14, 2014, Manuel returned for a fourth straight day to the infirmary reporting of increasingly bad headaches, aches, sore throat, vomiting, and fever. Defendant Trees-Jensen and Transue prescribed only an inhaler to help with breathing and did no flu testing or treatment.

65.     Unsurprisingly, Manuel's condition worsened and on January 15, 2014, the fifth day of his illness, he was barely able to breathe and extremely sick.

66.     Manuel's fever had spiked along with his other vitals and he was coughing blood.  Defendant Corizon healthcare providers Defendants Perea and Kinder determined that urgent intervention was needed at this time and referred Manuel for transfer out of the prison to nearby SEAMC in Douglas, but took no other steps to ensure Manuel was properly cared for including testing for influenza or recommending antiviral medication.

67.     In the ER at SEAMC Manuel was seen by Mark Chorebanian, M.D.  X-rays showed that Manuel's left lung had pneumonia.

68.     But Manuel did not receive Tamiflu or any other influenza treatment at SEAMC, and was sent back to the prison with prescriptions for Albuterol, Robitussin, and Zithromax later that morning

69.     By 6:30 p.m. on January 15th, Manuel's condition was rapidly deteriorating.  A corrections officer reported that Manuel had "Bloody stool."  The aching, headache, and shortness of breath remained, and Manuel's oxygen saturation levels were extremely low, in the 80's.

70.     Although Defendant CORIZON healthcare providers Defendants Transue and Stephens checked the "Urgent Intervention" box, they gave him no additional treatment and Manuel was told to return to the infirmary in the morning.

71.     By January 16, 2014, Manuel had been extremely sick for almost a week with flu symptoms but had received no treatment for the flu.  When he came back to the infirmary at 7:35 a.m. he was in a wheelchair because he could barely walk and was

having major trouble breathing.  His vitals were again very high, and his oxygen levels were dangerously low.

72.     Defendant CORIZON healthcare providers Defendants Trees-Jensen and Kinder ordered Manuel be given oxygen and a saline IV to stabilize his condition so he could be transferred back to SEAMC immediately.  An ambulance delivered Manuel to SEAMC at 8:40 p.m.

73.     This time, when Manuel was seen in the ER at SEAMC he was given Tamiflu STAT.

74.     His condition was determined to be so severe and emergent that he was immediately evacuated to St. Luke's Medical Center in Phoenix that day.

75.     In his admission at St. Luke's Manuel tested positive for the flu and was noted to have suffered severe lung and kidney damage.

76.     Over the next eight days at St. Luke's, Manuel's clinical course was extremely difficult from complications from the H1N1 flu, specifically respiratory distress syndrome, kidney failure, and respiratory failure.

77.     Manuel passed away from these conditions on January 24, 2014.

78.     The Maricopa County Medical Examiner determined that Manuel died from "complications of influenza."

79.     A subsequent autopsy confirmed that Manuel had died from complications from flu virus Influenza A H1N1.

80.     Despite overwhelming evidence of an active flu virus infection while in ADOC custody and under the treatment of Defendant CORIZON medical care providers

13

that had begun on or before January 10, 2014, upon information and belief Manuel did not receive any treatment for the flu until on or after January 16, 2014.

81.     Despite overwhelming evidence of an active flu virus infection that had begun on January 10, 2014, upon information and belief Manuel did not receive any treatment for the flu when he presented to the ER at SEAMC on January 15, 2014.

82.     Timely treatment of his flu virus by Defendants would have prevented Manuel's death from flu virus complications.

83.     By the time Manuel was medically evacuated to St. Luke's Medical Center on January 17, 2014, it was too late for medical interventions and flu treatment to save his life.

84.     As a result of the negligence and gross negligence of Defendants, Manuel Diaz died leaving two young children who depended upon him for support, care, comfort, and love.

85.     As a result of the negligence and gross negligence of Defendants, Manuel Diaz died leaving a mother who enjoyed the care, comfort, and love of the relationship with her son.

86.     Defendants were negligent, grossly negligent, and careless in the performance of duties of protection and care and failed to conform to the standards of practice customarily recognized by medical physicians and hospitals in the State of Arizona and other communities situated throughout the United States.

87.     Defendants were negligent, grossly negligent, and engaged in conduct which fell below applicable standards of care.

14

88.     As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, and careless acts and omissions, Manuel Diaz suffered from injuries and complications resulting in his death on January 24, 2014.

89.     As a further direct and proximate result of Defendants' negligent, gross negligent, careless and reckless acts and omissions, the statutory beneficiaries herein, Plaintiff Olga Diaz, Mia Olga Diaz, and Nelly Joanne Diaz have experienced, and will continue to experience, pain, grief, sorrow, anguish, stress, shock, and mental suffering as a result of Manuel Diaz's wrongful death.

90.     As a further direct and proximate result of Defendants' negligent, gross negligent, careless and reckless acts and omissions, the statutory beneficiaries herein, Plaintiff Olga Diaz, Mia Olga Diaz, and Nelly Joanne Diaz have been, and will continue to be, deprived of Manuel Diaz's love, affection, companionship, care, protection, consortium, guidance, society, companionship, counsel, advice and solace as a result of the wrongful death of Manuel Diaz.

91.     As a further direct and proximate result of Defendants' negligent, gross negligent, careless, and reckless acts and omissions, Plaintiff Olga Diaz, Mia Olga Diaz, and Nelly Joanne Diaz have experienced and will continue to experience services that have already been lost as a result of the death, and that are reasonably probable to be lost in the future from the wrongful death of Manuel Diaz.

92.     The above-described breaches, negligence, and gross negligence proximately give rise to and constitute a claim for damages for wrongful death pursuant to A.R.S. §§ 12-611 *et seq*.

15

93.     As a prisoner under their custody and care, the individual Defendants named herein all owed Manuel a duty of competent medical care under 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution.

94.     The individual Defendants violated Manuel's constitutional right to timely, competent medical care by:

- failing to provide Manuel a flu vaccine shot prior to the start of the 2013-14 flu season;

- denying and delaying appropriate diagnoses and treatment of Manuel's rapidly deteriorating condition in January 2014 while under their care;

- failing to have qualified medical personnel competent to examine, diagnose, and treat Manuel during his illness; and

- failing to involve higher levels of care who could competently diagnose and treat Manuel when he became ill and grew more and more sick.

95.     In violating Manuel's constitutional right to competent, timely medical care while in custody as described above, the individual Defendants were deliberately indifferent to Manuel's serious illness.

96.     The individual Defendants' deliberate indifference disregarded clearly established law articulating Manuel's right to timely, competent medical care while in custody.

97.     No reasonable prison official or prison healthcare provider in the individual Defendants' positions could have believed or concluded  in 2014 that Manuel was not entitled to timely, competent medical care under the Eighth Amendment.

16

98.     The individual Defendants' deliberate indifference to Manuel's rights and illness directly and proximately caused his death from complications from the flu.

99.     Timely, competent medical care while in custody at Douglas State Prison and under the care of the individual Defendants would have prevented Manuel's death.

100.    Manuel's death was a foreseeable consequence of the deliberate indifference of the individual Defendants and their violations of Manuel's constitutional rights, and caused Plaintiff's and Manuel's statutory beneficaries' harm as described herein.

101.    The individual Defendants are not entitled to absolute or qualified immunity from Plaintiff's § 1983 and constitutional claims.

WHEREFORE, Plaintiff and the other individual statutory beneficiaries pray for judgment against Defendants, and each of them, as follows:

1.      For a sum that is reasonable and just for the wrongful death of Manuel Diaz;

2.      For general compensatory damages in a just and reasonable amount;

3.      For the reasonable value of special damages to compensate Manuel Diaz's surviving children and statutory beneficiaries, resulting from her death;

4.      For attorney fees as allowed by applicable law, including but not limited to 42 U.S.C. § 1988 and 42 U.S.C. § 1997;

5.      For Plaintiff's costs incurred herein as permitted by law; and

6.      For such other and further relief as the Court and jury deem just and proper in the premises.

17

RESPECTFULLY SUBMITTED this 12th day of June, 2015.

GALLAGHER & KENNEDY, P.A.


By  /s/ Lincoln Combs
      Lincoln Combs
      Kevin Neal
      2575 East Camelback Road
      Phoenix, Arizona 85016-9225

      *Attorneys for Plaintiff/Statutory
      Beneficiary Olga Diaz, mother of Manuel
      Diaz, Deceased, and Jessica Trevino,
      natural mother and legal guardian of
      Statutory Beneficiaries Mia Olga Diaz
      and Nelly Joanne Diaz, minor children of
      Manuel Diaz*

4577070v3/24873-0001

18